```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

Paul Murphy,                      :
         Plaintiff,               :
                                  :
         v.                       :    File No. 2:06-CV-223
                                  :
Vermont Department of             :
Corrections, Prison Health        :
Services,                         :
         Defendants.              :
```

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 1)

Plaintiff Paul Murphy, proceeding *pro se*, seeks to file a complaint against the above-named defendants. The nature of Murphy's claim, however, is unclear. Currently pending before the Court is Murphy's request for leave to proceed *in forma pauperis*, and an affidavit in support of his motion. Murphy's affidavit does not include certification of his prison trust fund balance as required by § 1915(a). Accordingly, his request to proceed *in forma pauperis* is DENIED. 28 U.S.C. § 1915(a). Although in most cases the Court would allow Murphy to either resubmit his *in forma pauperis* motion or pay the filing fee, in this case I recommend that the complaint be DISMISSED for failure to assert a valid claim.

Murphy's statement of his claim is barely

intelligible. His entire claim is stated as follows:

> 1) Wish to keep a (docket No) on the first crew as plaintiff Paul Murphy keeps docket No. ahead of pleasure. And Plaintiff states that Plaintiff is done with the statement of case and they plan on dont [sic] pull a Secratary [sic] or Security on my under statement.

In his request for relief, Murphy writes:

> Want a doctor to check my core file and legs as plaintiff is going to let the legs be stepped aside and plaintiff wants legs to be sat on in diaper and grounds to fill the decks and dont [sic] forget the trains rails.

The complaint contains no other allegations of fact or explanations of Murphy's legal claims. As such, the complaint contains no identifiable federal claim, and falls far short of the pleading requirements set forth in the Federal Rules.

"'The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of *res judicata*, and identify the nature of the case so it may be assigned the proper form of trial.'" Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (quoting 2A Moore's Federal Practice ¶ 8.13, at 8-58 (2d ed. 1994)); see also Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir.

1988) ("principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial"). Notice pleading requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, each allegation must be "concise and direct." Fed. R. Civ. P. 8(e)(1).

When a complaint does not comply with Rule 8's requirements, the district court may, either on motion or *sua sponte*, dismiss the complaint or strike such parts as are redundant or immaterial. Simmons, 49 F.3d at 86 (citing Salahuddin, 861 F.2d at 42). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin, 861 F.2d at 42. Upon dismissing a complaint for failing to comply with Rule 8, the plaintiff generally should be given leave to amend, especially "when the complaint states a claim that is on its face nonfrivolous." Simmons, 49 F.3d at 87. Nevertheless, the court retains the "power to dismiss a

prolix complaint without leave to amend in extraordinary circumstances." Salahuddin, 861 F.2d at 42. Such circumstances include cases in which leave to amend has previously been given and the successive pleadings remain prolix and unintelligible, see, e.g., Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972), cert. denied, 411 U.S. 935 (1973), or where the substance of the claim pleaded is frivolous on its face. Moorish Science Temple v. Smith, 693 F.2d 987, 990 (2d Cir. 1982).

Here, Murphy has failed to state any sort of cognizable claim. His pleading does not satisfy the requirements of Rule 8, and there is no indication that an amended pleading would reveal a viable claim. The complaint is, therefore, frivolous on its face. Nonetheless, because Murphy may have a claim that he was simply unable to express in a coherent fashion at the time of his filing, I recommend that this case be DISMISSED without prejudice.

Dated at Burlington, in the District of Vermont, this 15th day of November, 2006.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).